[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13943

Non-Argument Calendar

_____

MONISHA F. MOORE,

Plaintiff-Appellant,

*versus*

JASPER CITY BOARD OF EDUCATION,
WALKER WILSON,
in his individual capacity,
TERESA SHERER,
in her individual capacity,
MARY BETH BARBER,
in her individual capacity,
SCOTT THORNLEY,
in his individual capacity, et al.,

2                    Opinion of the Court                    22-13943

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 6:22-cv-01269-ACA

_____

Before WILSON, LUCK, and HULL, Circuit Judges.

PER CURIAM:

Monisha Moore, represented by counsel during all proceedings, appeals the district court's order sua sponte dismissing with prejudice her amended complaint as a shotgun pleading. After review, we affirm.

## I.    BACKGROUND

On September 30, 2022, Moore filed an initial 28-page complaint with 67 allegations against 10 defendants. Moore alleged that the defendants discriminated against her because of her race and age in violation of her constitutional and federal statutory rights.

On October 6, 2022, the district court sua sponte struck Moore's complaint as a shotgun pleading. The district court found that her complaint was a shotgun pleading because (1) each count incorporated by reference all the previous allegations, and

(2) certain allegations and counts failed to give the court or the defendants adequate notice of the claims.

The district court allowed Moore to file an amended complaint. The district court explained that (1) her amended complaint must contain a separate count for each claim that contained a factual basis for that claim only, and (2) each count's heading had to identify the specific defendant or defendants against whom the claim was asserted, and the statute or law under which the claim was brought. Lastly, the district court warned Moore that if her amended complaint was also a shotgun pleading, the district court would dismiss it "with prejudice without further notice."

On October 21, 2022, Moore filed a 25-page amended complaint with 111 allegations and five substantive counts against the same 10 defendants.[1]

On October 31, 2022, the district court dismissed Moore's amended complaint with prejudice on shotgun pleading grounds. First, the district court found that all her counts continued to improperly incorporate by reference every previous allegation contained in the amended complaint.

Second, the district court concluded that the headings and allegations in counts 2, 3, and 4 were "inconsistent and ma[d]e it difficult—if not impossible—for the defendants to determine

---

[1] The amended complaint lists six counts, but count 1 is titled "FACTS" and does not assert a claim for relief.

which and how many of them [were] subject to the claims asserted in those counts."

Third, the district court noted that count 5 attempted to assert claims against the individual school board defendants in both their individual and official capacities, but the amended complaint's caption and party allegations stated that they were named only in their individual capacities. So the district court concluded that the defendants did not have fair notice of the nature of the claims asserted against them.

Fourth, the district court found that count 6's reference to "Defendants" generally did not specify which acts or omissions were attributable to which defendant.

The district court noted that it already gave Moore—who was represented by counsel—notice of the defects in the original complaint and specific instructions on how to cure those defects. The district court found "Moore made no meaningful effort to correct the deficiencies," so dismissal with prejudice was appropriate.

Moore appealed.[2]

---

[2] The defendants had not been served at the time of the dismissal, so they did not participate in this appeal.

## II.    STANDARD OF REVIEW

We review a dismissal on shotgun pleading grounds for an abuse of discretion.  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

## III.    DISCUSSION

On appeal, Moore argues that the district court abused its discretion in dismissing her amended complaint with prejudice because (1) her amended complaint was not a shotgun pleading and (2) she should be allowed to amend her amended complaint because there is no prejudice to the defendants since they have not been served yet.  Below, we review our relevant law on shotgun pleadings and then explain why the district court did not abuse its discretion.

## A.    General Rules on Shotgun Pleadings

A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or 10(b), or both.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" if doing so would promote clarity.  *Id.*

"The self-evident purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov*, 986 F.3d at 1324 (cleaned up). In other words, "shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy and the court." *Id.* (cleaned up). Accordingly, we have "little tolerance" for shotgun pleadings. *Id.* (quotation marks omitted).

"[W]e have identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "each cause of action or claim for relief" into a different count; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

A district court must give a plaintiff one opportunity to remedy her shotgun pleading before dismissing her action. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). But if she files an amended complaint without substantially fixing the

deficiencies, dismissal with prejudice is warranted. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (explaining that "[t]he [d]istrict [c]ourt should have dismissed the amended complaint with prejudice" where "the [plaintiffs] filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments by naming which counts pertained to each [d]efendant").

## B.    No Abuse of Discretion

The district court did not abuse its discretion in dismissing Moore's amended complaint with prejudice. When the district court struck Moore's initial complaint on shotgun pleading grounds, it (1) allowed Moore to file an amended complaint, (2) explicitly told her how to cure the pleading deficiencies, and (3) warned her that failure to fix the issues would result in dismissal of the amended complaint "with prejudice without further notice." Despite these instructions and warning, Moore filed an amended complaint without substantially remedying the pleading issues.

Moore's amended complaint was a quintessential shotgun pleading for two reasons. First, each count incorporated by reference the allegations of its predecessor counts, "leading to a situation where most of the counts (i.e., all but the first) contain[ed] irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Second, the headings and allegations indiscriminately referred to singular and plural defendants, making it difficult to ascertain which defendant or defendants were responsible for each act or omission. In count 3, for example, the heading lists only defendant Jasper City Board of Education, but the allegations beneath that heading refer to "Defendant City of Jasper Board of Education[] and the individual defendants," "Defendant Rigsby," and "Defendants."

In short, the district court did not abuse its discretion in dismissing her amended complaint with prejudice because (1) it provided Moore with fair notice of the defects in her original complaint and a meaningful opportunity to fix them, yet (2) Moore, who was represented by counsel, failed to remedy the defects, and her amended complaint remained a shotgun pleading. *See Barmapov*, 986 F.3d at 1326 ("Barmapov was represented by counsel, the district court dismissed his first amended complaint after explaining why it was a shotgun pleading, and the court gave him a chance to try again. Barmapov squandered that opportunity by filing another shotgun pleading. Under this circumstance, we have no doubt that the district court did not abuse its discretion" in dismissing with prejudice.); *Jackson*, 898 F.3d at 1358 ("[T]he key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.").

Further, the district court was not required to give Moore any additional opportunities to remedy her pleading violations. *See Automotive Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins.*, 953 F.3d 707, 732 (11th Cir. 2020) ("[A] district court is required to give a counseled plaintiff only one chance to replead before dismissing a complaint with prejudice on shotgun-pleading grounds[.]"); *Vibe Micro*, 878 F.3d at 1296 (explaining that "the district court was not required to sua sponte give [the plaintiff] any additional chances to remedy" the shotgun pleading issues where it had already given him a chance to amend his complaint to cure the deficiencies and "provided him with a veritable instruction manual on how to do so").

## C.    Less Severe Sanctions Argument

Moore also argues that the district court abused its discretion by failing to consider less severe sanctions. Moore cites Federal Rule of Civil Procedure 41(b), which authorizes a court to dismiss a party's complaint for failure to prosecute or comply with a court order, and cases explaining that a dismissal under Rule 41(b) is an extreme sanction that may be imposed only when, *inter alia*, the district court specifically finds that lesser sanctions would not suffice. That law is inapplicable here because the district court dismissed Moore's amended complaint on shotgun pleading grounds, not because she failed to prosecute her case or failed to comply with a district court order.

**AFFIRMED.**